The Honorable Don McSpadden Prosecuting Attorney Sixteenth Judicial District Post Office Box 2051 Batesville, AR 72503
Dear Mr. McSpadden:
This is in response to your request for an opinion concerning the constitutionality of Act 297 of 1983 (codified at A.C.A. 4-74-101
et seq.). Specifically you have asked whether the act is constitutional given the fact that it:
 1. establishes different license fees payable from businesses in operation less than one year as opposed to businesses in operation more than one year;
2. gives no right of appeal from any decision of the county clerk;
 3. gives the county clerk unchecked discretion to grant extensions; and
 4. prohibits the continuation of a similar business by a person who previously conducted a "going out of business" sale at the same location.
In my opinion, the act is constitutional.
Act 297 of 1983 regulates "going out of business" sales. It, among other things, provides for licensure of persons conducting such sales, and for the posting of a bond to satisfy any subsequent judgment obtained by a purchaser at the same.
Because you state no specific constitutional theory for attacking the act, I will assume your constitutional theories include primarily violations of the due process clause and the equal protection clause of the United States and Arkansas Constitutions. It should be noted as an initial matter that because no "suspect class" or "fundamental right" is affected by the operation of the act, a court would apply only the "rational basis" standard in analyzing any constitutional attack. The act will thus be upheld if the legislature has any "rational basis" for its enactment. Legislation is rarely struck down under this standard.
It is my opinion that Act 297 of 1983 was enacted in an effort to curtail the fraudulent business practices which could attend "going out of business" sales. The state, through its police power, has a legitimate interest in protecting its citizens from such practices. It is my opinion, therefore, that the aspects of the act which you have noted all "rationally relate" to the state's objective.
The only aspect of the act which, in my opinion, presents a serious question as to act's constitutionality is the difference imposed in the license fee for businesses in operation less than one year.* The act provides for a $250 license fee for applicants in business less than a year, and a $25 license fee for other applicants. It is conceivable, however, that the legislature reasonably concluded that such a provision would have the effect of discouraging the influx of "fly by night" businesses which begin operation with the intended goal of conducting a "going out of business" sale. This objective, together with the act's presumptive constitutionality, lead to the conclusion that the provision "reasonably relates" to the objective of the state, and as such, is constitutional.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
It is my opinion, however, in this instance, that the county clerk does not exercise any discretion in issuing the license. If all of the statutory requirements attend the application, the clerk must issue the license. This conclusion is buttressed by the following language of the act:
 (a) The county clerk in each county shall design and cause to be printed appropriate forms for applications for licenses and for the license certificates TO BE ISSUED TO APPLICANTS under this chapter. (Emphasis added.)
If the clerk refuses to issue a license, judicial review is not denied, as the applicant may seek the judicial writ of mandamus to compel to [the] clerk to do so.
* It should be noted that ordinarily, the denial of a right to appeal an administrative action would present a potential violation of the Due Process Clause of the Fourteenth Amendment.